UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **08-20414-CIV-GOLD/TURNOFF**

JUAN RODRIGUEZ, )
)
    *Plaintiff*, )
)
vs. )
)
NICO OF NORTH MIAMI, INC. )
d/b/a FOOD CITY )
SUPERMARKETS, a Florida )
Corporation and RAFAEL )
FLORES jointly and severally, )
)
    *Defendants*.
_____/

```
FILED by    JC    D.C.
ELECTRONIC

FEB. 19, 2008

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

## COMPLAINT

Plaintiff, JUAN RODRIGUEZ, (hereinafter "RODRIGUEZ"), sues Defendants, NICO OF NORTH MIAMI, INC. d/b/a FOOD CITY SUPERMARKETS and RAFAEL FLORES (hereinafter "Defendants"), and states:

1. This is an action to recover damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. ss 201-219 (Section 216 for jurisdictional placement)("The Act").

2. Plaintiff, JUAN RODRIGUEZ (hereinafter "RODRIGUEZ") is a resident of **Miami-Dade County, Florida**, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendants, **NICO OF NORTH MIAMI, INC. d/b/a FOOD CITY SUPERMARKETS** (hereinafter "**FOOD CITY**"), is a Florida corporation, engaged in business in **Miami-Dade County, Florida,** where Plaintiff worked

1

for Defendants, and at all times material hereto was and are engaged in interstate commerce. The individual Defendant, **RAFAEL FLORES** (hereinafter "**FLORES**") resides in **Miami-Dade County, Florida.**

## COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST FOOD CITY SUPERMARKETS

4. Plaintiff re-adopts each and every factual allegation as stated in paragraph 1-3 of this complaint as if set out in full herein.

5. This action is brought by Plaintiff to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney' fees under the provisions of 29 U.S.C. § 201 et. seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a week longer than 40 hours unless such employee receive compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or makes its services and/or goods to customers from throughout the United Sates and also provides its services for goods sold and transported

2

from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working for interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, and enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant, **FOOD CITY's** business activities involves those to which the Fair Labor Standards Act applies. The Defendant is a grocery store and though its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by Defendant as a **stock person** for the Defendant's business.

8. While employed by Defendant, Plaintiff worked **approximately 60 hours per week** without being compensated at a rate of not less than one and one half times the regular rate at which he/she was employed for the **20 hours of overtime** he worked per week.

3

9. Plaintiff was paid a salary **between $400 and $450** weekly, which is the equivalent of between **$10.00 and $11.25 an hour for the purpose of calculating his overtime compensation from the applicable Statute of Limitations** but has never been compensated for overtime wages at his corresponding rate of **$15.00 or $16.87** for hours that he worked in excess of 40 hours per week.

10. Plaintiff calculates that he is owed in excess of approximately **$46,800.00** in overtime wages for the period of time from November 2004 through October 2007.

11. At all times material hereto, the Employer/Defendant failed to comply with the Title 29 U.S.C. §§ 201-219 and 29 C.F.R. §§ 516.2 and § 516.4 et. seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay him at a rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

12. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by Fair Labor Standards Act and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wages payments.

4

13. At the times mentioned, Defendant **FLORES** was, and is now, the Director and owner of Defendant Corporation. Defendant **FLORES** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff. Defendant **FLORES** had operational control of the business, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

14. Defendant, **FOOD CITY**, willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

15. Plaintiff has retained the law offices of the undersigned attorney for represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff, **RODRIGUEZ**, requests that this Honorable Court:

    a. Enter judgment for Plaintiff against the Defendant **FOOD CITY**, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. and other Federal Regulations; and

    b. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

    c. Award Plaintiff an equal amount in double damages/liquidated; and

    d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

5

e. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST FLORES

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 of this complaint as if set out in full herein.

17. At the times mentioned, Defendant **FLORES** was, and is now, the Director and owner of Defendant Corporation. **FLORES** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interstate of Defendant **FOOD CITY** had operational control of the businesses called **FOOD CITY**, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

18. This action is brought by Plaintiff to recover from the Employer unpaid overtime compensation, as well as a additional amount as liquidated damages, costs and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6

19. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or makes its services and/or goods to customers from throughout the United Sates and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff, by virtue of working for interstate commerce, otherwise satisfy the Act's requirements.

20. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, and enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant, **FOOD CITY's** business activities involves those to which the Fair Labor Standards Act applies. The Defendant is a grocery store and though its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise

7

affects interstate commerce. Plaintiff was employed by Defendant as a **stock person** for the Defendant's business.

21. While employed by Defendant, Plaintiff worked **approximately 60 hours per week** without being compensated at a rate of not less than one and one half times the regular rate at which he/she was employed for the **20 hours of overtime** he worked per week.

22. Plaintiff was paid a salary **between $400 and $450** weekly, which is the equivalent of between **$10.00 and $11.25 an hour for the purpose of calculating his overtime compensation from the applicable Statute of Limitations** but has never been compensated for overtime wages at his corresponding rate of **$15.00 or $16.87** for hours that he worked in excess of 40 hours per week.

23. Plaintiff calculates that he is owed in excess of approximately **$46,800.00** in overtime wages for the period of time from November 2004 through October 2007.

24. At all times material hereto, the Employer/Defendant failed to comply with the Title 29 U.S.C. §§ 201-219 and 29 C.F.R. §§ 516.2 and § 516.4 et. seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay him at a rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

25. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by Fair Labor Standards Act and remains owing Plaintiff these overtime wages since the

8

commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wages payments.

26. At the times mentioned, Defendant **FLORES** was, and is now, the Director and owner of Defendant Corporation. **FOOD CITY** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff. Defendant had operational control of the business, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

27. Defendant willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

28. Plaintiff has retained the law offices of the undersigned attorney for represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff, **RODRIGUEZ**, requests that this Honorable Court:

a. Enter judgment for Plaintiff against the Defendant **FLORES**, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. and other Federal Regulations; and

b.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

c.  Award Plaintiff an equal amount in double damages/liquidated; and

d.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

e.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 2/12/08

Respectfully submitted,

DORTA & ORTEGA, P.A.

Omar Ortega, Esq.
FL Bar No.: 0095117
DOUGLAS ENTRANCE
800 S. Douglas Road, Suite 149
Cora Gables, FL 33134
Tel:   (305) 461-5454
Fax:   (305) 461-5226

***Attorney for Plaintiff***

10

## CONSENT TO BE A PLAINTIFF

I, Juan C. Rodriguez, the undersigned, hereby consent to be a party Plaintiff in the attached action lawsuit which is based on the violations of the overtime provisions of the Fair Labor Standards Act.

Dated:      February 12, 2008.

By: _____
       Juan C. Rodriguez

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
JUAN C. RODRIGUEZ

**DEFENDANTS**
NICO OF NORTH MIAMI, INC. d/b/a FOOD CITY SUPERMARKETS, a Florida Corporation and RAFAEL FLORES

(b) County of Residence of First Listed Plaintiff: MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: MIAMI-DADE
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Omar Ortega, Esq. (Dorta & Ortega, P.A.)
800 S. Douglas Road, Suite 149
Coral Gables, FL 33134   (305)461-5454   (F)(305)461-5226

Attorneys (If Known)

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ✓ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

08-20414-CIV-Gold/TURNOFF

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ✓ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Re-filed- (see VI below)
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page)
a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO
JUDGE                    DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

LENGTH OF TRIAL via __3__ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 2/13/08

FOR OFFICE USE ONLY
AMOUNT   RECEIPT #   IFP